FILED'10 FEB 24 14:15USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SYLVIA ANNE WALKER,                )
                                   )
                Plaintiff,         )    Civil No. 09-601-JO
                                   )
        v.                         )    O R D E R
                                   )
A&S COLLECTION ASSOCIATIONS, INC., )
                                   )
                Defendant.         )

Joshua R. Trigsted
WEISBERG & MEYERS, LLC
5025 North Central Avenue, #602
Phoenix, AZ 85012

  Attorney for Plaintiff

John Michael Unfred
J. MICHAEL UNFRED, LLC
P. O. Box 327
280 Court Street N.E., Suite 250
Salem, OR 97308-0327

  Attorney for Defendant

JONES, Judge:

On September 11, 2009, plaintiff filed notice with the court that she had accepted defendant's Federal Rule of Civil Procedure 68 Offer of Judgment (# 11). On October 5, 2009, plaintiff moved to vacate her acceptance, arguing, in essence, that she had misunderstood defendant's offer with respect to her right to seek an award of attorney fees. The court denied the motion to vacate, but granted plaintiff leave to petition the court for attorney fees and costs.

The case is now before the court on plaintiff's petition (# 18) for costs and attorney fees. For the reasons explained below, plaintiff's petition for attorney fees is denied, but her cost bill (# 11) is allowed in the requested sum of $425.00.

## DISCUSSION

Defendant does not dispute either plaintiff's entitlement to or the amount of her requested costs. Accordingly, the court approves costs in the amount of $425.00.

With respect to plaintiff's request for attorney fees, the issue in dispute is whether her acceptance of defendant's Rule 68 offer precludes an award of fees. In relevant part, defendant's offer of judgment states:

> 2) In addition, Plaintiff's reasonable costs accrued specifically in connection with the prosecution against Defendant of the claims pled in the above referenced suit are to be added to the judgment against Defendant[], said costs to be agreed to between parties, or if they are unable to agree, as determined by the Court upon motion; <u>this offer does not include an offer of attorneys fees by stipulation or by the Court;</u>
>
> 3) <u>The judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims</u> . . . .

Petition for Costs and Attorneys' Fees, Exhibit D (emphasis added).

2 - ORDER

In interpreting the terms of a Rule 68 offer of judgment, the court applies the "'usual rules of contract construction.'" Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995) (citation omitted). There is no ambiguity in defendant's offer, as plaintiff urges this court to find, consequently, the court must enforce the offer according to its terms. Those terms preclude an award of attorney fees.

## CONCLUSION

Plaintiff's Bill of Costs (# 19) is approved. Plaintiff's Petition for Costs and Attorneys' Fees (# 18) is granted as to costs and denied as to attorney fees.

IT IS SO ORDERED.

DATED this 24th day of February, 2010.

```
                    /s/ 
                    ROBERT E. JONES
                    U.S. District Judge
```

3 - ORDER